1:10-cv-07197
Judge Milton I. Shadur
Magistrate Judge Young B. Kim

United States District Court
Northern District of Illinois

VOLTAGE PICTURES , LLC,
    Plaintiff        )

           )
        v.        )

DOES 1 – 5,000
    Defendant     )

F I L E D

NOV – 8 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO QUASH SUBPOENA

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c) (1) and (3) to quash the attached subpoena. I am filing this motion in the Northern District of Illinois because this is the place of my residence and filing in the issuing district, District of Columbia, would place an undue burden upon me, since it is approximately 700 miles away.

### Factual Background

On or about October 12, 2010, I received a letter via certified mail from WOW Internet, Cable, and Phone, my Internet Service Provider (ISP) informing me that they received a subpoena that commanded them to produce my "name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet." The information I received from my ISP did not include any information that would allow me to refute whether or not the IP address belonged to me or whether or not I was in a position to be in use of the IP address at the time. I have asked that the ISP challenge the validity of this subpoena since it was served upon them and not me and they have refused. I am filing this motion to protect my rights, since the organization that this subpoena was served upon won't.

## Legal Authorities and Argument

THE UNDERSIGNED is not a party to the District of Columbia action, nor has the District of Columbia court jurisdiction over THE UNDERSIGNED. *See e.g., United States v. B.H.,* 456 F.3d 813, 817 (8th Cir. 2006); *In re Baycol Prods.,* 2004 WL 1058105 (D. Minn. May 3, 2004) (citing *Hartland v. Alaska Airlines,* 544 F.2d 992, 1002 (9th Cir.1976) (stating any attempt to reach persons who are nor proper parties without service of process "is beyond the court's power"); *In re Linerboard Antitrust Litig.,* 292 F. Supp.2d 644, 664 (E.D. Pa.2003) (finding the court lacked jurisdiction over cases not formally transferred into the MDL, and refusing to order sequestration of funds from settlements and other recoveries in untransferred cases). Rule 45(a)(2), under which subpoenas are issued, provides that a subpoena for production of documents may issue from the court for the district where the production is to be made. Since the information requested is located in WOW's offices in Naperville, Illinois, a subpoena to retrieve that information would have to come from this court, not a District of Columbia court. See FED.R.CIV.P. 45(a). *See also In re Subpoena to University of North Carolina at Chapel Hill,* 367 F. Supp.2d 945 (M.D.N.C. 2005) (discussing subpoena jurisdiction asserted by copyright owner).

It should be noted that the subpoena at issue in this matter purports to require WOW to reveal highly personal information of purported customers, including customer name and addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, all without notice to the potential customers. Voltage Pictures' purpose in obtaining this information is to sue the individuals for copyright violation. Although not squarely on point, this action runs counter to certain statements expressed in *In re Charter Communications, Inc.,* 393 F.3d 771 (8th Circ. 2005). In charter, copyright owners wanted to obtain and serve subpoenas on internet service providers (ISPs), like WOW, to obtain personal information of the ISPs' subscribers who were alleged to be violating copyrights. *Id.* At 772-73. After the district court issued such a subpoena , the Eighth Circuit reversed. *Id.* The Court issued its ruling on the basis of the Digital Millennium Copyright Act (DMCA), 17 U.S.D. § 512(h), and its subpoena mechanism. *Id.* At 775-78.

The party which had been subject to the subpoena had not only questioned its validity under the DMCA, but had also asserted other issues. *Id.* at 775. Because the court was able to reach its decision under the DMCA, it did not rule upon Charter's other issues, but did state:

> this court has some concern with the subpoena mechanism of § 512 (h). We comment without deciding that this provision *may* unconstitutionally invade the power of the judiciary by creating a statutory framework pursuant to which Congress, via statute, compels a clerk of court to issue a subpoena, thereby invoking the court's power. Further, we believe Charter has at least a color-able argument that a judicial subpoena is a court order that must be supported by a case or controversy at the time of its issuance.

*Id.* 777-78 (emphasis *in original*). Given this language, there is a a concern whether a case or controversy exists.

## Conclusion

THE UNDERSIGNED asks this honorable court to quash this subpoena for "customer information" upon my ISP ,WOW, based on the above arguments. The undersigned would request an order protecting his/her identity.

Respectfully submitted,

*Khalil Muhammad*

Khalil Muhammad – John Doe #XXXX
PO Box 7733
Chicago, IL 60680
773-257-3556



It's that kind of experience.

October 7, 2010

Mr. Khalil Muhammand
11840 S. Normal Ave.
Chicago, IL 60628-5335

**Re:** *Voltage Pictures, LLC v. Does 1-5,000*, **Civil Action No. 1:10-cv-00873-RMU:
Subpoena and Court Order to Provide Customer Information**

Dear Mr. Muhammand:

We have received a Subpoena in the referenced case to disclose certain customer information (such as your name, address, telephone number and email address), as more particularly described in the Subpoena issued to us by the Law Offices of Dunlap, Grubb & Weaver, PLLC. The Subpoena was issued to us in accordance with an Order issued by Judge Ricardo M. Urbina. We have attached the Subpoena and related Court Order. We intend to provide the requested information within ten (10) days from the date of this letter. If you intend to take actions to modify or quash the Subpoena before we respond, please contact us immediately, and we will withhold the information pending the Court's consideration of your request.

If you have any questions, please feel free to call me.

Very truly yours,

David Walden
Vice President, IT
WOW Internet, Cable and Phone
630-536-3161

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Voltage Pictures, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:10-cv-00873-RMU |
| DOES 1-5,000 | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Wide Open West, Attn: Marian Samuals/Custodian of Records, 1674 Frontenac Road, Naperville, IL 60563;
abuse@wideopenwest.com

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers,
e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the
attached spreadsheet.

| Place:  Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC | Date and Time: |
|---|---|
| 1200 G Street, NW Suite 800, Washington, DC 20005 | 09/10/2010 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   07/30/2010

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiff
Voltage Pictures, LLC                                                      , who issues or requests this subpoena, are:

Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com

**Full docket text:**
MINUTE ORDER granting [4] motion for order. Upon consideration of the plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference, it is hereby ORDERED that the motion is GRANTED. SO ORDERED. Signed by Judge Ricardo M. Urbina on 06/25/2010. (EN, )

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/30/2010 14:19:58 | | | |
| PACER Login: | dg1227 | Client Code: | Voltage |
| Description: | History/Documents | Search Criteria: | 1:10-cv-00873-RMU |
| Billable Pages: | 1 | Cost: | 0.08 |